Case 1:13-cv-04707-SAS Document 220 Filed 04/06/16 Page 1 of 4

**MANDATE**

14-399-cv
Lehman XS Trust v. Greenpoint Mortgage Funding, Inc.

N.Y.S.D. Case # 13-cv-4707(SAS)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand sixteen.

Present:
   PETER W. HALL,
   DEBRA ANN LIVINGSTON,
   SUSAN L. CARNEY,
      *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 06, 2016

_____

LEHMAN XS TRUST, Series 2006-4N, by U.S. Bank National Association, solely in its capacity as Trustee,

   *Plaintiff-Appellant*,

   v.                     No. 14-399-cv

GREENPOINT MORTGAGE FUNDING, INC.,

   *Defendant-Appellee.*
_____

FOR APPELLANT:  PHILIPPE Z. SELENDY, (Sean P. Baldwin & Maya D. Cater, *on the brief)*, Quinn Emanuel Urquhart & Sullivan, LLP, New York, NY.

1

MANDATE ISSUED ON 04/06/2016

FOR APPELLEE:  JAMES A. MURPHY, (Theodore R. Snyder, *on the brief*), Murphy & McGonigle, P.C., New York, NY, *and* Cameron S. Matheson, *on the brief*, Murphy & McGonigle, P.C., Glen Allen, VA.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Lehman XS Trust ("Lehman") appeals from the district court's order dismissing its claims for breach of contract against Defendant-Appellee Greenpoint Mortgage Funding, Inc. ("Greenpoint") on statute of limitations grounds. The claims arose from Greenpoint's alleged breach of its contractual obligations, as memorialized in the parties' Flow Mortgage Loan Purchase and Warranties Agreement ("MLPA"), to repurchase mortgage loans that allegedly violated certain representations and warranties. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Lehman argues that its claims were timely because: (1) under the MLPA's "accrual provision," the claims did not accrue until Greenpoint's opportunity to cure the breach or repurchase the loans had expired; and (2) the MLPA's "repurchase" provision gave rise to a separate breach each time Greenpoint failed to repurchase a breaching loan. These arguments are unavailing in light of recent decisions of the New York Court of Appeals, *ACE Secs. Corp. v. D.B. Structured Prods., Inc.*, 25 N.Y.3d 581 (2015), and this Court, *Deutsche Bank National Trust Co. v. Quicken Loans, Inc.*, 810 F.3d 861 (2d Cir. 2015).

2

We review *de novo* a district court's grant of a motion to dismiss, including its application of the pertinent statute of limitations and its interpretation of contractual terms. *Id.* at 865. When sitting in diversity jurisdiction and reviewing New York state law claims, we must apply "the law of New York as interpreted by the New York Court of Appeals." *Id.* (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,* 739 F.3d 45, 48 (2d Cir. 2013) (per curiam)).

Under New York law, the six-year limitations period on claims for breach of contract generally runs from the time the contract was breached. N.Y. C.P.L.R. 203(a), 213(2); *see also Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y. 2d 399, 402 (1993). Where "a demand is necessary to entitle a person to commence an action," the cause of action accrues "when the right to make the demand is complete . . . ." N.Y. C.P.L.R. 206(a). Accordingly, "[a] cause of action for breach of contractual representations and warranties that guarantee certain facts as of a certain date—but do not guarantee future performance—accrues on the date those representations and warranties become effective." *Quicken Loans*, 810 F.3d at 865 (citing *ACE*, 25 N.Y.3d at 596). In this case, the representations and warranties were made at the time the MLPA was closed in 2006, and Lehman was entitled to demand the contractual remedy—cure or repurchase of the allegedly defective loans—at that time.[1] By the time Lehman filed suit in 2013, more than six years had passed since Lehman was first entitled to

---

1  The language of the accrual provision in this case, which states that a claim for breach of representations or warranties accrues upon "discovery of such breach by the Purchaser or notice thereof by the Seller to the Purchaser, [] failures by the Seller to cure such Breach or repurchase such Mortgage Loan . . . and [] demand upon the Seller by the Purchaser for compliance with th[e] Agreement," is identical in all material respects—for purposes of our inquiry here—to the accrual provision at issue in *Quicken Loans*. J.A. 139; *see Quicken Loans*, 810 F.3d at 864.

3

demand that Greenpoint cure or repurchase the breaching loans. Lehman's claims are, therefore, time-barred.

The repurchase provision of the parties' MLPA does not delay accrual of the statute of limitations, because it does not create a substantive condition precedent to suit. *See Quicken Loans*, 810 F.3d at 866 (noting that New York courts "distinguish between substantive demands and procedural demands" for statute of limitations purposes (quoting *Cont'l Cas. Co. v. Stronghold Ins. Co.*, 77 F.3d 16, 21 (2d Cir. 1996))). Rather, the contractual demand condition to cure or repurchase merely prescribes the mechanism by which the purchaser seeks a remedy for a preexisting wrong. *See id.* at 867 (stating with respect to similar repurchase provision that "performance (or nonperformance) of the contract is not contingent on [the party's] demand; the [representations and warranties] were true or false—either performed or not—at the moment they were made").

We have considered Appellant's remaining arguments and conclude that they are without merit. We therefore **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4